UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------X
PATRICIA HOEY,
     Plaintiff,

    v.                              Civil No. 3:03-CV-713 (AWT)

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,
     Defendant.
----------------------------------------------------------X

## REPORT OF PARTIES' PLANNING MEETING

    Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 38, a

conference was held on October 22, 2003.  The participants were:

| For Plaintiff: | For Defendant: |
|---|---|
| Charles G. Parks, Jr.<br>Parks & Associates<br>300 Summer St., Ste. 509<br>Stamford, CT 06901<br>(203) 359-3860<br>(203) 323-7398 (Fax) | Anna V. Crawford<br>Special Assistant U.S. Attorney<br>United States Postal Service<br>8 Griffin Rd. N.<br>Windsor, Ct 06006-0170<br>(860) 285-7309<br>(860) 285-7397<br>Fed. Bar No. ct01394 |

## I.    Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of disability against an employer which constitutes a program or activity receiving Federal financial assistance, Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343.  Equitable and other relief is sought under 29 U.S.C. § 794a.

## III.    Brief Description of Case

A.  Claims of Plaintiff(s):

The Plaintiff is claiming that she has been subjected to numerous instances of harassment and discrimination in the terms and condition of her employment on the basis of her disability, (hearing impairment).

B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s):

Defendant denies plaintiff's claim of discrimination, and believes that he has good faith grounds to seek summary judgment at the conclusion of discovery.

## IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff, Patricia Hoey, has been a resident of Stamford, Connecticut, for all relevant times.

2.  On or about December 3, 1977, Plaintiff began working for the United States Postal Service.

3.  Patricia Hoey is presently employed by the United States Postal Service as a Flat Sorter Machine Clerk at the Stamford processing and distribution center.

## V.    Case Management Plan

A. Standing Order on Scheduling in Civil Cases

The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

The parties will exchange initial disclosures under F.R.C.P. 26 by November 14, 2003.

Due to late service of process, the parties request the discovery deadline to be March 12, 2004.

## B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is a possibility at this time.

2. The parties *request an early settlement conference.*

3. The parties prefer a settlement conference with a Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36, at this time, but may consider such referral at a later date.

D.      Joinder of Parties and Amendment of Pleadings

    1. Plaintiff(s) do not anticipate filing motions to join additional parties.  Plaintiff shall have until November 19, 2003 to file motions to amend the pleadings.

    2. Defendant(s) do not anticipate filing motions to join additional parties. A response to the complaint was filed on or about October 15, 2003.

E. Discovery

    1.      The parties anticipate that discovery will be needed on the following subjects:

        For Plaintiff:

        The facts and circumstances surrounding:

        a)      The customs, policies and procedures with respect to the proper procedures for responding to complaints of discrimination and harassment,

        b)      The facts and circumstances surrounding the specific acts of harassment and/or discrimination.

        For Defendant:

        The facts and circumstances surrounding the alleged incidents in 1998, whether they rise to the level of harassment, and plaintiff's damages.

    2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 7, 2003 and completed by March 12, 2004.

    3.      Discovery will not be conducted in phases.

    4.      The parties anticipate that the plaintiff will require a total of 5 depositions of fact witnesses and that the defendant will require a total of 5 depositions of fact witnesses. The depositions will commence by November 7, 2003 and be completed by March 12, 2004.

    5.      The parties will not request permission to serve more than twenty-five (25) interrogatories.

    6.      Plaintiff does not intend to call expert witnesses at trial.

7.      At this time Defendant does not intend to call expert witnesses at trial, however, defendant reserves the right to do so should an unanticipated need arise during discovery.

8.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 27, 2004.

F.      Dispositive Motions

Dispositive motions will be filed on or before April 30, 2004

G.      Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 18th, if no dispositive motion is filed, or 30 days following a decision on any dispositive motion filed.

## VI.   Trial Readiness

The case will be ready for trial by September 3, 2003, if no dispositive motion is filed, or 60 days following a decision on any dispositive motion filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By _____      Date: 10/23/03

Defendant

By _____      Date: 10/27/03

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the Report of Parties' Planning Meeting was sent via prepaid First Class Mail on October 27, 2003 to the following:

Charles G. Parks, Jr.
Parks & Associates
300 Summer St., Ste. 509
Stamford, CT 06901

Lauren Nash
Assistant U.S. Attorney
District of Connecticut
PO Box 1824
New Haven, CT 06508-1824

Anna V. Crawford