UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------X
PATRICIA HOEY,

    Plaintiff,

    v.                                      Civil No. 303CV713 (AWT)

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE
                                                July 21, 2004

    Defendant.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, John E. Potter, Postmaster General, United States Postal Service, respectfully submits this Memorandum of Law, and the Declaration of Harry Abbott in support of his motion for dismissal of this action under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or alternatively, for summary judgment under F.R.C.P. 56, for failure to state a claim of discrimination on account of disability under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. [1]

### THE PLAINTIFF'S CLAIMS

For the sole purposes of this Motion, the Defendant does not dispute Plaintiff's factual allegations.

Plaintiff is a hearing impaired female employed by the Defendant as a clerk in the Stamford Processing and Distribution Center, 427 West Avenue, Stamford, CT. (See

---

[1] Plaintiff also alleges violations of the American's with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq, which is not applicable to the Postal Service in this context.

Attachment to Complaint, p.1.) She has been employed since 1977. Id. Plaintiff alleges that she was harassed by a co-worker on account of her hearing disability on four to six occasions in 1998, and once in 1990. Id.

Plaintiff alleges that a co-worker, Lisa McCalaster ("Lisa"), called her "stupid" on one occasion in March 19, 2000. (Complaint, Attachment at p.5.) On a previous occasion in April 1998, Plaintiff saw Lisa moving up and down in her chair "as if she was having sex." Id. On an unknown date or dates in 1998, Lisa called Plaintiff and a non-disabled co-worker "Simple and Simpler" and "Dumb and Dumber". Id at 6; and see Local Rule 9(c)1 Statement ("SMF"), Ex. 2, Declaration of Harry Abbott. On May 8,1998 Lisa told Plaintiff, who appeared to be reading her lips while Lisa was in a conversation with someone else, "what the F------ are you looking at?" and "Mind your own F------ business". Id. On an unknown date or dates in December 1998, Plaintiff also claimed she was "eyeballed" by Lisa. Id. at 7. Once, in the ladies room, Lisa yelled out loud behind Plaintiff's back in front of other workers, who laughed. Id. at 8.

Plaintiff claims that she complained to management on several occasions about Lisa's conduct but nothing was done. Id.

On August 3, 1998 and on September 1, 1998, Plaintiff also had problems with a manager who pulled her out of a training class and directed her to return to work while others were allowed to remain in class. Id. at 7.

## ARGUMENT

A.   12(b)(1) and 12(b)(6) Standards

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate

it. FRCP 12(b)(1). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists. Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). When considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, all material factual allegations in the complaint must be taken as true. Atlantic Mutual Insurance Co. v. Balfour Maclaine International, 968 F.2d 196, 198 (2d Cir. 1992).

Evidence outside the pleadings may properly be considered to determine the existence of subject matter jurisdiction. Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), cert. granted, vacated on other grounds, 505 U.S. 1215 (1992); Deluca v. Mystic River Marina, Inc., 976 F. Supp. 127, 128 (D. Conn. 1997).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true the complaint's factual allegations and must draw all reasonable inferences in favor of the plaintiff. Ziemba v. Slater, 36 F. Supp. 2d 81 (D. Conn. 1999). A court may grant a motion to dismiss under 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., citing Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

B.   Standards for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment when, based upon the pleadings, affidavits and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). In determining whether the record presents

3

genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. den., 112 S.Ct. 152 (1991). The party opposing a motion for summary judgment bears the burden of establishing sufficient evidence of a genuine issue of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). "Once a moving party has made a showing that no material issues of fact are in dispute, mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." Matos v. Runyon, 1998 U.S. Dist. LEXIS 22531 *3 (D. Conn. 1999), quoting Thornton v. Syracuse Savings Bank, 960 F.2d 1042, 1046 (2d Cir. 1992) (additional citations omitted). Moreover, summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 324.

Rule 56(c) "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. at 247-48 (emphasis in original).

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in a manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Celotex Corp. v. Catrett, 477 U.S. at 327.

When the employer's intent is at issue, the trial court should be cautious in reviewing the record, but summary judgment remains available to reject discrimination claims in cases lacking genuine issues of material fact. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996); Woroski v. Nashua Corp., 31 F. 3d 105, 109 - 10 (2d Cir. 1994); Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.), cert. den., 474 U.S. 829 (1985); Ortiz v. Prudential Insurance Co., 94 F. Supp. 2d 225, 230 (D.Conn. 2000).

C. **Plaintiff Fails to State a Claim of Disability Discrimination, or Her Claim is Otherwise Legally Insufficient**

In describing a few incidents of rude behavior by a co-worker, Plaintiff attempts to advance a claim of disability-based hostile environment discrimination under the Rehabilitation Act.[2] However, the incidents about which Plaintiff complains were isolated and infrequent, and do not rise to the level of an actionable hostile work environment based on disability. Moreover, the incidents lack any reference to Plaintiff's hearing impairment.

In order to establish a claim of hostile work environment, there must be evidence showing that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21. 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993) (internal quotations omitted). Grey v. city of Norwalk, 304 F. Supp. 2d 314, 326 (D. Conn. 2004). "A plaintiff

---

[2]Various courts have held that hostile environment claims are cognizable under the ADA or the Rehabilitation Act. See e.g.: Spychalsky v. Sullivan, 2003 U.S. Dist. LEXIS 15704 (E.D.N.Y.) aff'd, 96 Fed. Appx. 790 (2d Cir. 2004); Silk v. City of Chicago, 1999 U.S. App. LEXIS 25208 (7th Cir. 1999); Wallin v. Minnesota Dept. of Corrections, 153 F.3d 681, 687 (8th Cir. 1998); Leland v. U. S. Bank National Association, 1999 U. S. Dist. LEXIS 15344 (D. Ore. 1999) (citations omitted). See also: Rio v. Runyon, 972 F. Supp. 1446, 1454 (S.D. Fla. 1997)(Assuming, without deciding, that Plaintiff may state a hostile environment claim under the Rehabilitation Act.)

alleging a hostile work environment must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." <u>Alfano v. Costello</u>, 294 F.3d 365, 374 (2d Cir. 2002) (quoting <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 570 (2d Cir. 2000)). <u>See</u> <u>also</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998) ("We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment . . . .")

In addition, the work environment must be both subjectively and objectively hostile. <u>Harris</u>, 510 U.S. at 21-22. <u>See also</u> <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 81, 140 L. Ed. 2d 201, 118 S. Ct. 998 (1998) (emphasizing that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position").

The fact finder must look to the totality of the circumstances of the workplace, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance", <u>Harris v. Forklift Systems,</u> 510 U.S. at 23. <u>See also:</u> <u>Braheney v. Town of Wallingford</u>, 2004 U.S. Dist. LEXIS 5515 at *11 (D. Conn 2004); <u>Lyon v. Jones, et al.</u>, 260 F. Supp. 2d 507, 511 (D. Conn. 2003).

The sum and substance of the allegations in the complaint are that Plaintiff's co-worker called Plaintiff and another non-disabled co-worker stupid or dumb. The co-worker swore at Plaintiff once, shouted behind her back in the bathroom once,

"eyeballed" her, and made what Plaintiff considered an obscene gesture on another occasion. Finally, Plaintiff thinks that the co-worker was behind her manager's action to remove her from a training class. SMF ¶ 8. Plaintiff neither alleges nor produced any evidence that the actions by her co-worker were motivated by a discriminatory intent as opposed to an interpersonal problem. As a matter of law, these allegations do not support a claim of hostile environment discrimination.

Moreover, Plaintiff does not allege any explicitly disability-based remarks as part of her complaint. While she need not show evidence of such remarks, a basis must exist to infer that the conduct complained of occurred because of the plaintiff's membership in a protected class. Leibovitz v. N.Y.C. Transit Authority, 252 F.3d 179, 189 (2d Cir. 2001); Grey v. City of Norwalk Board of Ed., 304 F. Supp. 2d at 327 (D. Conn 2004). "Otherwise, the federal courts will become a court of personnel appeals", Alfano v. Costello, 294 F. 3d at 377. Plaintiff's coworker did not make any reference to Plaintiff's hearing or disability in any of her comments or conduct. Therefore, no reasonable person could infer that the co-worker's comments were based on Plaintiff's disability.

Plaintiff also has not presented any evidence that anyone was treated more favorably than she because of their non-disabled status. Indeed according to the Plaintiff, the offending co-worker was also rude to at least one non-disabled co-worker. SMF at ¶ 5; Ex. 2 at ¶ 6.

D. **Defendant Did Not Ignore Plaintiff's Complaints, But Took Effective Corrective Action**

Courts may hold an employer liable for co-worker harassment "if its response manifests indifference in light of the facts the employer knew or should have known." See: Denise-Hyppolite, v. Turn On Products, Inc., 2002 U.S. Dist. LEXIS 4732 (S.D.N.Y. 2002), quoting, Blankenship v. Parke Care Ctrs., 123 F.3d 868, 873 (6th Cir. 1997), cert. denied, 522 U.S. 1110, 140 L. Ed. 2d 105, 118 S. Ct. 1039 (1998). Even if the conduct Plaintiff described in her pleadings could be deemed to be sufficient to support a hostile environment claim, Plaintiff's managers took prompt action when informed of Plaintiff's complaints in April and May, 1998. Here, supervisor Abbott investigated the Plaintiff's complaints and directed a manager to counsel the co-worker to stop bothering the Plaintiff. SMF, Ex. 2 at ¶ 7. No other problems were reported to postal management after the May 1998 incident. Id. Since 2003, Plaintiff has not worked with the co-worker who bothered her in 1998. Id.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's complaint should be dismissed, or alternatively, summary judgment should be granted to the Defendant, Postmaster General.

Respectfully submitted,

KEVIN J. O'CONNOR,
UNITED STATES ATTORNEY

By: *Anna Crawford*
Anna V. Crawford
Special Assistant U.S. Attorney
United States Postal Service
8 Griffin Road North
Windsor, CT 06006-0170
Tel. (860) 285-7309
Fax: (860) 285-7397
Fed. Bar No. ct01394

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Memorandum of Law in Support of Defendant's Motion to Dismiss, or in the Alternative, For Summary Judgment, was mailed, postage prepaid, this 21ST day of July, 2004, to:

Plaintiff's Representative

Charles G. Parks, Jr.
Parks & Associates
800 Summer Street, Suite 509
Stamford, CT 06901

*Anna Crawford*
Anna V. Crawford
Special Assistant U.S. Attorney