UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
PATRICIA HOEY,
     Plaintiff,

     V.                                  Civil No. 303CV713 (AWT)

JOHN E. POTTER,                          August 27, 2004
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE
Defendant.
-----------------------------------------------------------x

### PLAINTIFF MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

     Plaintiff, Patricia Hoey, respectfully submits this Memorandum of Law, and the Affidavit of Patricia Hoey in opposition of defendant's motion for dismissal of this action under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or alternatively, for summary judgment under F.R.C.P. 56,

**BACKGROUND**

     Plaintiff is a hearing impaired female employed by the Defendant as a clerk in the Stamford Processing and Distribution Center, 427 West Avenue, Stamford, CT. The plaintiff has alleged violations of her rights pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. and the Americans with Disabilities Act ('ADA"), 42 U.S.C. §§ 12101, et seq. (Attachment to Complaint, p.1.) The plaintiff has been employed by defendant since 1977. Id. Plaintiff alleges that she was harassed by co-workers because of her hearing disability on a number of occasions from early 1998 until 2000. Id.

     Plaintiff particularly alleges the following:

On or about March 19, 1998, plaintiff was harassed by Dob Cuzino and Lisa McCalaster by shutting of a machine the plaintiff was working on without warning, and making condescending and disparaging remarks including calling the plaintiff "stupid." Id at p. 5.

On or about April of 1998, Lisa McCalaster made lewd and obcense gestures toward the plaintiff. Id at p.6.

On or about May 8, 1998, Lisa McCalaster directed profanity at the plaintiff and approached the plaintiff in a physically threatening manner. Id. at pp 5 and 6.

On or about August 31 and September 1, 1998, the plaintiff was discharged from a training session predicated on deliberate misinformation to management. Id. at p. 7.

At some time in December of 1998, plaintiff was subjected to threating visual contact by Lisa McCalaster. Id at p. 7-8.

At some point in 1998, Lisa McCalaster verbally harassed the plaintiff. Id at p. 8.

The plaintiff filed 4 written complaints on March 19, 1998, April 10, 1998, May 8, 1998 and September of 1998. Id at p.8.  Plaintiff also filed a union grievance in July of 1999. Plaintiff Aff. ¶ 1.

The plaintiff contends that management had knowledge of the harassment and tactically consented to the harassment by not taking immediate and sufficient corrective action.

## ARGUMENT

A.    12(b)(1) and 12(b)(6) Standards

The defendant has challenged the propriety of subject matter jurisdiction of this court.  A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists.  Makarova v. U.S., 201 F.3d 1 10, 113 (2d Cir. 2000).  When considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, all material factual

allegations in the complaint must be taken as true. Atlantic Mutual Insurance Co. v. Balfour

Maclaine International, 968 F.2d 196, 198 (2d Cir. 1992).

Evidence outside the pleadings may properly be considered to determine the existence of

subject matter jurisdiction.  Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90,

96 (2d Cir. 1991), cert. granted, vacated on other grounds, 505 U.S. 1215 (1992)-, Deluca v.

Mystic River Marina, Inc., 976 F. Supp. 127, 128 (D.  Conn. 1997).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true

the complaint's factual allegations and must draw all reasonable inferences in favor of the

plaintiff. Ziemba v. Slater, 36 F. Supp. 2d 81 (D.  Conn. 1999).  A court may grant a motion to

dismiss under 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Id., citing Conley v. Gibson, 355 U.S. 41,

45-6 (1957).  In the case at bar, none of the material facts are in issue.

### B.    Standards for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment when,

based upon the pleadings, affidavits and depositions, "there is no genuine issue as to any material

fact and [where] the moving party is entitled to judgment as a matter of law." Fed.  R. Civ.  P.

Rule 56(c); Anderson v. LibertV LobbV, Inc., 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct.

2505 (1986).  In determining whether the record presents genuine issues for trial, the court must

view all inferences and ambiguities in a light most favorable to the non-moving party. See

Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. den., 112 S.Ct. 152 (1991).  The party

opposing a motion for summary judgment bears the burden of establishing sufficient evidence of

a genuine issue of material fact in dispute.  Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed.

2d 265, 106 S. Ct. 2548 (1986).  "Once a moving party has made a showing that no material

4

issues of fact are in dispute, mere conjecture or speculation by the party resisting summary

judgment does not provide a basis upon which to deny the motion." Matos v. Runyon, 1998 U.S.

Dist.  LEXIS 22531 *3 (D.  Conn. 1999), quoting Thornton v. Syracuse Savings Bank, 960 F.2d

1042, 1046 (2d Cir. 1992) (additional citations omitted).

When the employer's intent is at issue, the trial court should be cautious in reviewing the

record, but summary judgment remains available to reject discrimination claims in cases lacking

genuine issues of material fact.  Van Zant v. KLM RoVal Dutch Airlines, 80 F.3d 708, 714 (2d

Cir. 1996); Woroski v. Nashua Corp., 31 F. 3d 105, 109 10 (2d Cir. 1994)-l Meiri v. Dacon, 759

F.2d 989, 998 (2d Cir.), cert. den., 474 U.S. 829 (1985); Ortiz v. Prudential Insurance Co., 94 F.

Supp. 2d 225, 230 (D.Conn. 2000).

### C.   **Plaintiff Claim of Disability Discrimination**

The plaintiff has discribed a number incidents of harassing and threatening behavior

inflected by co-workers, spanning a period in excess of 11 months.  The plaintiff first filed a

complaint regarding these activities in March of 1998, then again in April, May and September

of 1998.[1]  The only response to these complaint to which the plaintiff was made aware of was the

department meeting which generally addressed the "zero tolerance of acts or threats of violence

in the workplace."  Abbott aff. ¶ 17.

In order to establish a claim of hostile work environment, there must be evidence

showing that "the workplace [was] permeated with discriminatory intimidation, ridicule, and

insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S.

---

[1].   Various courts have held that hostile environment claims are cognizable under the ADA or the Rehabilitation
       Act.  See eq.: Spychalsky v. Sullivan, 2003 U.S. Dist.  LEXIS 15704 (E.D.N.Y.) aff'd, 96 Fed.  Appx. 790 (2d
       Cir. 2004)- Silk v. City of Chicago, 1999 U.S. App.  LEXIS 25208 (7th Cir. 1999); Wallin v. Minnesota Dept.

17, 21. 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993) (internal quotations omitted).  Grey v. City of

Norwalk, 304 F. Supp. 2d 314, 326 (D.  Conn. 2004).  "A plaintiff alleging a hostile work

environment must demonstrate either that a single incident was extraordinarily severe, or that a

series of incidents were sufficiently continuous and concerted to have altered the conditions of

her working environment." Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (quoting Cruz

v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000)).

In addition, the work environment must be viewed both subjectively and objectively

hostile.  Harris, 51 0 U.S. at 21-22.  See also Oncale v. Sundowner Offshore Servs., Inc., 523

U.S. 75, 81, 140 L. Ed. 2d 201, 118 S. Ct. 998 (1998)

On or about March 19, 1998, plaintiff was harassed by Dob Cuzino and Lisa McCalaster

shutting of a machine plaintiff was working on without warning, and making condescending and

disparaging remarks including calling plaintiff stupid. Id at p. 5.  The plaintiff has been subjected

to lewd and obscene jestures, profanity, physically threatening manner, offensive verbal abuse,

assault, and embarresment based on falsuality.  This behavior occurred all within one year and

no substantative action was taken by mannagement to address the perpretrators. Id. at pp 5 and 6.

There is not indication that the plaintiff has ever had any personal conflict with Lisa

McCalaster and the comments of McCalaster chastising plaintiff for reading McCalaster's lips is

a clear indication that McCalaster felt personal contempt toward the plaintiff.  Absent any reason

offered by the defendant for Lisa McCalaster's action towards the plaintiff is entitled to the

probable conclusion that Lisa McCalaster's actions towards the plaintiff were, in whole or in

part, motivated by Lisa McCalaster's objection to the plaintiff's disability.

---

of Corrections, 153 F.3d 681, 687 (8th Cir. 1998); Leland v. U. S. Bank National Association, 1999 U. S. Dist.
LEXIS 15344 (D.  Ore. 1999) (citations omitted).

D.        **Defendant Ignores Plaintiff's Complaints,**

Courts may hold an employer liable for co-worker harassment "if its response manifests indifference in light of the facts the employer knew or should have known." See: Denise-Hyppolite, v. Turn On Products, Inc., 2002 U.S. Dist.  LEXIS 4732 (S.D.N.Y. 2002), quoting, Blankenship v. Parke Care Ctrs., 123 F.3d 868, 873 (6th Cir. 1997), cert. denied, 522 U.S. 11 10, 140 L. Ed. 2d 105, 118 S. Ct. 1039 (1998).  The only action taken by defendants in response to plaintiff's complaints in April and May 1998 was to hold a meeting.  It is admitted that no disciplinary was taken against McCalaster with the exception of a consultation which had no effect.  It is evident that the harassing actions directed at the plaintiff continued throughout a major portion of 1998.  It was not until the physical seperation of work area between Ms. McCalaster and the plaintiff did the harassment stop.

## CONCLUSION

For all the foregoing reasons, Defendant's motions should be dismissed.


THE PLAINTIFF,


By: _____
        Charles G. Parks, Jr.
        PARKS & ASSOCIATES
        160 Forest Street
        Stamford, CT  06901-2134
        (203) 359-3860
        (203) 323-7398 - facsimile
        CT 16784