UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------x
PATRICIA HOEY,
Plaintiff,

V.                                          Civil Action No. 3:003CV713 (AWT)

JOHN E. POTTER,                             August 27, 2004
POSTMASTER GENERAL,
Defendant.
------------------------------------------------------x
```

### **PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT**

Plaintiff respectfully submits its Rule 56(a)2 Statement:

1. Admitted

2. Admitted

3. Admitted, except the relevant year was 1998. Plaintiff s Aff. ¶ 2

4. Admitted

5. Admitted

6. Admitted

7. Admitted

8. Admitted, except Plaintiff asserts that August 3, 1998, to the best of plaintiff recollection and belief, should be August 31, 1998.

9. Admitted

10. Admitted

11. Admitted

12. Objection, the request appears to be stated in error in that, the request states, "McCalaster has to "lip-read her", "to look at her mouth", and McCalaster didn't like this…" To the

extent that the question is understood as "Plaintiff has to "lip-read her", "to look at her mouth", and McCalaster didn't like this…" and also "stop locking down my throat" The Plaintiff admits.

13. Admitted

14. Admits that Supervisor Abbott's Affidavit states that he discussed Plaintiff's complaint with Plant Manager Richard Bryant, and thereafter, instructed McCalaster's manager, Walter Noel, to formally discuss Plaintiff's complaint with McCalaster, and to give her a "Zero Tolerance" talk.

15. Plaintiff Admits that Attachment A purports to be a memorandum initially dated April 13, 1998.

16. Admitted that the Affidavit of Abbott recites that, Supervisor Paula Moore provided Abbott with her notes of two incidents occurring on May 8, 1998, with attached statements. Both incidents involved Lisa McCalaster, Pat Hoey and co-worker, Camille Smuniewski.

17. Admitted that Abbott's Affidavit recites, "To address the problems that had been occurring in the flat sorter area." Plaintiff admits that Abbott held a meeting with all of the employees on the flat sorter machine which addressed the postal policy of zero tolerance of acts or threats of violence in the workplace and that attendees were told of possible future discipline if violations occurred.

18. Objected to as vage. To the extent the statement is understood, the Plaintiff Admitts that the Plaintiff and McCalaster continued to work for the defendant and no further incidents have occurred.

19. Denied Complaint p. 8.

20. Objection as vague. Plaintiff claims that the lack of immediate and effective corrective action were directly responsible for the severity of injury.

**DISPUTED ISSUE OF MATERIAL FACT**

1. Whether the use of condescending and disparaging remarks by Ms. Lisa McCalaster on or about March 19, 1998, formed a sufficient basis for immediate disciplinary action upon the filing of a complaint by the plaintiff.

2. Whether the gestures reported to have occurred on or about April of 1998, by Lisa McCalaster formed a sufficient basis for immediate disciplinary action upon the filing of a complaint by the plaintiff.

3. Whether on or about May 8, 1998, Lisa McCalaster's use of profanity and gestures were physically threatening and, collectively, formed a sufficient bases for immediate disciplinary action upon the filing of a complaint by the plaintiff.

4. Whether on or about August 31 and September 1, 1998, the plaintiff was discharged from a training session based on misinformation to management was management's tacit consent to harassing behavior toward the plaintiff.

5. Why were the complaints filed by the plaintiff on March 19, 1998, April 10, 1998, May 8, 1998 and September of 1998 not subject to immediate action by defendant management.

                                                                                     THE PLAINTIFF,

                                                                                     By: _____
                                                                                        Charles G. Parks, Jr.
                                                                                        PARKS & ASSOCIATES
                                                                                        160 Forest Street
                                                                                        Stamford, CT  06901-2134
                                                                                        (203) 359-3860
                                                                                       (203) 323-7398 - facsimile
                                                                                       CT 16784

5